UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In The Matter Of,

TARA A. DEMETRIADES, an
attorney admitted to practice before this
Court,
                Respondent.

**ORDER**
17-MC-300

------------------------------------------------------------x

On August 8, 2017, this Court's Committee on Grievances issued an order to show cause and annexed a Statement of Charges against respondent Tara A. Demetriades, an attorney admitted to practice before this Court, arising out of the respondent's conduct in connection with her disability law practice in this Court. (ECF No. 5.) On September 13, 2017, the Committee referred the matter to Magistrate Judge Peggy Kuo to conduct whatever proceedings she deemed necessary to issue a Report and Recommendation on whether the Statement of Charges should be sustained and to recommend an appropriate sanction, if applicable. (ECF No. 7.) Following hearings and briefing by the parties, including a three-day evidentiary hearing, Judge Kuo issued a comprehensive Report and Recommendation in which she concluded that the respondent violated Rules 1.1(a), 1.3(a), 1.3(b), 3.2, 3.3(a), 3.3(f)(2), 3.3(f)(3), and 3.4(c) of the New York Rules of Professional Conduct, but did not violate Rules 5.3, 5.5(a), and 8.4(d). (ECF No. 39.) She recommended further proceedings on the question of sanctions. (*Id.* at 50.) On June 29, 2018, the respondent filed objections to Judge Kuo's Report and Recommendation, claiming that she was denied due process, and that there was insufficient evidence that she violated Rules 1.1(a), 1.3(b), 3.2, and 3.3(a). (ECF No. 41.)

1

## STANDARD OF REVIEW

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3). The court reviews for clear error the remaining portions of a report and recommendation to which there are no specific reasoned objections. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## DISCUSSION

The Committee has reviewed the Report and Recommendation, and the parties' filings. Based on this review, the Committee agrees with Judge Kuo that the plaintiff violated Rules 1.1(a), 1.3(a), 1.3(b), 3.2, 3.3(a), 3.3(f)(2), 3.3(f)(3), and 3.4(c) of the Rules of Professional Conduct, but that she did not violate Rules 5.3, 5.5(a), and 8.4(d), and that there should be additional proceedings on the issue of sanctions. Accordingly, the Committee adopts the Report and Recommendation in its entirety.

I.   **Rule 1.1(a) – Lack of Knowledge of Disability Law**

   A.  **Notice of Charge**

The respondent argues that she "never received notice" of the basis for the charge that she violated Rule 1.1(a); she claims that she did not know that the charge was premised on "her ignorance of New York disability law," a consequence of which was that her clients agreed "not to pursue potentially viable claims under New York state and city law." (ECF No. 41 at 3.)

2

"Because an attorney disciplinary proceeding is quasi-criminal in nature, the Due Process Clause entitles the charged attorney to, *inter alia,* adequate advance notice of the charges, and the opportunity to effectively respond to the charges and confront and cross-examine witnesses." *In re Peters*, 642 F.3d 381, 385 (2d Cir. 2011) (citing *In re Ruffalo,* 390 U.S. 544, 550-51 (1968) and *Erdmann v. Stevens,* 458 F.2d 1205, 1209 (2d Cir. 1972)). "Constitutional due process requires only notice 'of such nature as reasonably to convey the required information.'" *In re Jacobs*, 44 F.3d 84, 90 (2d Cir. 1994) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

The respondent was given sufficient notice of the basis of the Rule 1.1(a) charge—her lack of knowledge of disability law. The Statement of Charges specifies that the respondent violated Rule 1.1 because of lack of competence, and the Committee counsel's pre-hearing brief quotes the relevant part of Rule 1.1(a): "Competent representation requires the *legal knowledge*, skill, thoroughness and preparation reasonably necessary for representation." (ECF No. 17 at 9 (emphasis added).) These documents, together with the discovery that the Committee counsel provided to the respondent, set forth the legal and factual underpinnings for the Rule 1.1(a) charge—lack of knowledge of disability law—and gave the respondent sufficient notice and opportunity to respond to the charge.

### B. Limited Scope of Representation

The respondent also objects to the merits of Judge Kuo's finding that the respondent's lack of competence in disability law violated Rule 1.1(a). (ECF No. 41 at 4-6.) The respondent argues that she could not have violated the rule because she limited the scope of her representation to federal disability law claims for injunctive relief only, a condition she says Rule 1.2(c) of the Rules of Professional Conduct expressly permits. (*Id.* at 4-5.) She also contends

3

that Committee counsel did not meet its burden of proving that her limited scope of representation reflected incompetence, and that Judge Kuo applied the wrong standard of proof in concluding otherwise. (*Id.* at 5-6.)

The Committee disagrees. The respondent admitted that she was unaware of a critical feature of the Americans with Disabilities Act—that a plaintiff could obtain $1,000 in compensatory damages. (ECF No. 34 at 24.) As Judge Kuo observed, "clients need to be advised of remedies available to them in the jurisdiction where the suit is brought, even if they choose not to exercise them all." (ECF No. 39 at 30-31.) Because the respondent was not aware of an important feature of the law, she could not "meaningfully advise[] her clients regarding the claims they waived by signing her limited scope retainer agreements." (*Id.* at 30.)

Nor is the Committee persuaded by the respondent's citation to her "unrebutted testimony about the success she has had for her clients," because the testimony, even if true, is irrelevant. The respondent could not advise her clients of the remedies available to them. This was incompetence, and it violated Rule 1.1(a).

The absence of expert testimony on "the *standard of competence* for a federal ADA lawyer" does not compel a different result. (ECF No. 41 at 5 (emphasis in original).) The evidence established that the respondent lacked a basic level of competence in an important part of her practice—the remedies available to her clients. There was no need for an expert to confirm what the evidence proved.

## II.     Rule 1.1(a) – Failure to Comply with Court Orders and Rulings

Judge Kuo concluded that the respondent's failure to comply with court orders and rulings violated Rule 1.1(a). (ECF No. 39 at 31-32.) The respondent faults Judge Kuo's citation, as a part of her conclusion, to N.Y.S.B.A. Eth. Op. 751 (2002). (ECF No. 41 at 7-8.) The

respondent, however, ignores the other authority upon which Judge Kuo relied—*In re Schatkin*, 50 N.Y.S.3d 442, 447 (N.Y. App. Div. 2017)—in which the New York Supreme Court, Appellate Division, Second Department concluded that an attorney violated Rule 1.1(a) by engaging "in a pattern of misconduct by repeatedly failing to abide by the rules of procedure and orders of the federal courts." (*Schatkin*, 50 N.Y.S.3d at 447; ECF No. 39 at 31.) The record establishes that the respondent flouted numerous court orders and rules; she ignored orders to file proof of service or move for default judgment, failed to comply with filing deadlines, and failed to appear at court hearings. (*See* ECF No. 39 at 9-14.) This repeated failure to follow procedural rules and court directives violated Rule 1.1(a).

### III.   Rule 1.3(b) – Neglecting a Legal Matter

Judge Kuo found that the respondent neglected legal matters entrusted to her in violation of Rule 1.3(b), citing the respondent's failure to move for default judgment in her cases, as well as the numerous "failure to prosecute" dismissals in her cases. (ECF No. 39 at 33-34.) In the respondent's view, neither her failure to seek default judgments or the fact that judges dismissed her cases for failure to prosecute constituted "neglect." (ECF No. 41 at 8-9.) Rather, the respondent argues, her decisions not to seek default judgments were strategic and "reasonable legal decisions that serve[d] her clients" by keeping "attorneys' fees and cost at a minimum," and avoiding "needlessly burden[ing] the Court;" the respondent says that many of the defendants would have eventually retained counsel through their insurance companies, and would have moved to vacate the default judgments. (*Id.* at 9.)

The Committee does not agree that the respondent's failure to seek default judgments served her clients' interests. On the contrary, the respondent's clients would have been in a better position had the respondent obtained default judgments, because they would have had the

option to enforce the relief requested in the default judgment motion or to negotiate with the defendants. In any event, as Judge Kuo found, cost considerations do not excuse the respondent's "repeated[] fail[ure] to prosecute cases by taking minimal or no action after filing complaints," particularly since the respondent, whose practice consisted almost exclusively of ADA cases, could have achieved "particular efficiency" simply by "adapt[ing] [her] motion papers from one case to the next." (ECF No. 39 at 34.)

Nor does it matter that other Rule 1.3(b) cases were "initiated by grievance complaints filed by clients whose attorneys essentially abandoned them." (ECF No. 41 at 9.) A client's grievance complaint is not a pre-requisite to a violation of Rule 1.3(b). As Judge Kuo pointed out, if the respondent's clients wanted to abandon their actions, "those cases should have resulted in voluntary dismissals, not dismissals by the Court." (ECF No. 39 at 33.) The respondent's repeated failure to prosecute her cases, as Judge Kuo concluded, constitutes attorney neglect under Rule 1.3(b).

### IV. Rule 3.2 – Improperly Delaying a Proceeding

Judge Kuo found that the respondent's "failure to pursue default judgments and diligently prosecute her cases" delayed proceedings in violation of Rule 3.2. (ECF No. 39 at 36.) The respondent objects that Judge Kuo applied the wrong standard, and argues that there is no evidence that she "frustrated an opposing party's attempt to interpose a lawful defense, let alone that [she] has engaged in a practice *having no substantial purpose other than* to frustrate that party's attempt to obtain rightful redress or repose." (ECF No. 41 at 10 (emphasis in original).)

The respondent misinterprets the rule. Rule 3.2 states that "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense." The evidence in the record—the respondent's

6

testimony that "she has *purposefully* decided not to file affidavits of service, seek certificates of service, seek certificates of default, and move for default judgment," (ECF No. 39 at 37 (emphasis in original)), and her failure to offer any "substantial purpose other than delay"—substantiates Judge Kuo's conclusion that the respondent violated Rule 3.2.

V.   **Rule 3.3(a) – Making a False Statement to a Tribunal**

Judge Kuo found that the respondent violated rule 3.3(a) when she represented falsely that attorney Marilyn Pierre was a member of the respondent's law firm. (ECF No. 39 at 39-40.) The respondent does not challenge the substance of this decision, nor could she do so persuasively; the record is clear that the respondent told Judge Mann that Ms. Pierre was employed as an associate at the respondent's firm, which was not true. (*Id.* at 22, 39.) Instead, the respondent claims that she was not given sufficient notice of this charge. (ECF No. 41 at 11-14.) The Committee disagrees. Paragraph 10 of the Statement of Charges—listed under the heading "Rule 3.3 – Conduct before a Tribunal"—charges that the respondent "misrepresented the composition of her law firm to the Court," which gave the respondent sufficient notice that she was charged with violating Rule 3.3(a) for making a false statement to a tribunal. (*See* ECF No. 5-1 ¶ 10.)

VI.  **Due Process Violation**

The respondent makes a general due process claim about the entire proceeding. She maintains that she was not given "fair notice as to what specific conduct violated which particular Rules of Professional Conduct," and that the general allegations of misconduct in the Statement of Charges and the appendix of 51 case summaries did not give her "notice of which actions, and which particular cases listed in the summary, were allegedly connected to a specific alleged Rule violation." (ECF No. 41 at 14.)

The Committee concludes that the respondent was afforded due process. The Statement of Charges together with the appendix, the documents produced in discovery, and Committee counsel's pre-hearing memorandum gave the respondent fair notice of the charges against her. Moreover, the respondent was given multiple opportunities to answer the charges; she filed an answer, a pre-hearing memorandum, a post-hearing memorandum, and objections to Judge Kuo's Report and Recommendation, and participated in the hearings, including an evidentiary hearing.

**VII.   Conclusion**

The Committee finds by clear and convincing evidence that the respondent violated (1) Rule 1.1(a) by lacking knowledge of disability law in the jurisdiction in which she practices, (2) Rule 1.1(a) by failing to comply with court orders and rulings, (3) Rule 1.3(b) by neglecting a legal matter entrusted to her, (4) Rule 3.2 by improperly delaying a proceeding, and (5) Rule 3.3(a) by making a false statement to a tribunal. Judge Kuo's Report and Recommendation—thorough and amply supported by the record—contains no clear error. The Committee adopts the Report and Recommendation in its entirety.

**SO ORDERED.**

s/ Ann M. Donnelly

Hon. Ann M. Donnelly, U.S.D.J.
Chair of the Committee on Grievances
For the United States District Court
Eastern District of New York

Dated: Brooklyn, New York
       December 27, 2018