# WILLKIE FARR & GALLAGHER LLP

Randall W. Jackson

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8216
Fax: 212 728 8111
rjackson@willkie.com

May 4, 2020

**TO BE FILED UNDER SEAL**
**VIA EMAIL**

The Honorable Ann M. Donnelly
United States District Judge
225 Cadman Plaza East
Eastern District of New York
Brooklyn, New York 11201

    Re: In the Matter of Tara A. Demetriades, 17 MC 300 (Under seal)

Dear Judge Donnelly:

  This letter is respectfully submitted on behalf of the Committee on Grievances in response to the Respondent's April 20, 2020 Objections to Magistrate Judge Kuo's April 6, 2020 Report and Recommendation.[1] The Report and Recommendation finds, after analysis of the submissions for the parties, that the Respondent should be suspended from the practice of law for a period of no less than three months and no more than six months. (R&R at 16). The Report and Recommendation also recommends that the Respondent should be required to obtain professional counseling for stress management. (R&R at 16). Counsel for the

---

[1] The Respondent's Objections are hereinafter referred to as "Br." Magistrate Judge Kuo's April 6, 2020 Report and Recommendation is referred to as "R&R."

Committee has no objections to Judge Kuo's well-reasoned Report and Recommendation. The Respondent's Objections largely reiterate points that were made in her earlier briefing. The Committee thus reasserts all of its previous responses to the Respondent's earlier submissions on these issues. *See* Committee on Grievances Letter, Dkt. 48. A few discrete points in the Respondent's submission warrant the further responses that we set out below.

First, the Respondent argues that "a reprimand is the appropriate sanction" and that "Counsel for the Committee did not take a position on the appropriate sanction and has not asked the Court to impose more than a reprimand." (Br. at 1). While Counsel for the Committee did not recommend one specific sanction, nothing in our prior submissions should be read as an indication that Counsel for the Committee believes a reprimand to be the appropriate sanction. As Judge Kuo observed, the question of what sanction is appropriate is fact-intensive, and Counsel for the Committee emphasized it its prior submission that Respondent's serious misconduct could appropriately justify a sanction ranging from public reprimand to disbarment. (R&R at 4). Judge Kuo's recommendation is well within the range of appropriate sanctions for Respondent's conduct and is well supported by the analysis set out in the Report and Recommendation. (R&R at 5-16).

Second, Respondent's analysis of *Matter of Gluck*, 114 F. Supp.3d 57 (E.D.N.Y. 2015) and related cases at Section C of her Objections is misguided. The gravamen of Respondent's argument is that Respondent's behavior is analogous to the attorney in *Gluck*, and therefore she is entitled to a similarly lenient sanction.

This analysis ignores the fact-intensive nature of the inquiry required here and numerous unique aspects of Respondent's behavior outlined in Magistrate Judge Kuo's Report and Recommendation. (R&R at 13-14). *Gluck* involved a very different pattern of attorney misconduct, with different aggravating and mitigating factors. *Gluck*, 114 F.Supp.3d at 58-61. Nothing in Judge Cogan's analysis indicates error in Judge Kuo's recommendation. Respondent relies primarily on the idea that the attorney in *Gluck*, like Ms. Demetriades, engaged in lack of candor and therefore Magistrate Judge Kuo was incorrect to cite Ms. Demetriades's lack of candor as an aggravating factor warranting a harsher sanction. (Br. 2-3). The attorney in *Gluck* was apparently criticized at some earlier juncture, in one of the underlying cases, for making misleading arguments in a summation. (Br. 3). This is an entirely different species of potential misconduct than the lack of candor in response to direct inquiries from the Court engaged in by Ms. Demetriades. (R&R at 13 ("Respondent's violation of the duty of candor (Rule 3.3(a)) by knowingly making a false statement of fact to the Court (Liability R&R at 14, 18-20, 39) alone is serious enough to warrant a suspension"). Moreover, this purportedly similar "lack of candor" played no part in Judge Cogan's analysis in *Gluck*, so Respondent's attempt to contort a criticism in an underlying case into an error on the part of Judge Kuo is improper. Regardless, all of the Respondent's analysis of these cases repeats the error of ignoring the fact-specific analysis required to determine a sanction appropriate to Ms. Demetriades. Nothing in the cases cited by the Respondent

3

suggests that the Report and Recommendation suggests a punishment that is improper, given all of the circumstances.

Respondent appears to argue, for example, that Magistrate Judge Kuo's reliance on *In re Gordon*, 780 F.3d 156, 161 (2d Cir. 2015), was somehow improper because the attorney in *Gordon* received only two months suspension. (Br. 2). This analysis ignores that, as here, the attorney in Gordon had engaged in misconduct that was not limited to the lack of candor. *See Gordon*, 780 F.3d at 157-58. Respondent's analysis also ignores that the Second Circuit emphasized in *Gordon* that "the duty of candor is so basic, and so important to proceedings before the Court and Committee, that the possibility of suspension **should be considered in every case involving violation of that duty**." *Id.* at 161 (emphasis added). Moreover, the conduct here was far more problematic than anything discussed in *Gordon*. At bottom, the penalty in *Gordon* was a reflection of the court's assessment of the appropriate penalty in a fact-intensive case involving different components of misconduct. Nothing in the Second Circuit's analysis undermines the conclusions in Magistrate Judge Kuo's Report and Recommendation.

Respondent similarly argues that Magistrate Judge Kuo erred in relying on *Matter of Giorgini*, 84 N.Y.S.3d 153 (1st Dep't 2018). (Br. 4 ("the 'undignified or discourteous conduct' in *Giorgini* went far beyond any conduct attributed to Ms. Demetriades")). It is far from clear that the discourteous conduct in *Giorgini* went beyond that of Ms. Demetriades. As explained in Magistrate Judge Kuo's Report and Recommendation, Ms. Demetriades "accused individual judges and the Court in

4

general of bias against her and her clients, despite presenting no evidence of such bias . . . . made disruptive and sarcastic remarks on multiple occasions and in multiple cases, and even yelled at a judge via telephone while she was on vacation." (R&R at 14). This conduct appears to be roughly analogous to the conduct in *Giorgini*. *Giorgini*, 84 N.Y.S.3d at 154-55 (describing various insults and unfounded accusations made by the subject attorney). Regardless, this was only one component of Magistrate Judge Kuo's analysis and her reliance on *Giorgini* was not error.

Even if Respondent could demonstrate that some other attorney received a more lenient sanction for arguably similar conduct, that simply does not dictate the appropriate result in this case. Nor does it demonstrate that the Report and Recommendation reflects any error. Respondent was appropriately determined to have violated multiple provisions of the New York Rules of Professional Conduct. (R&R at 5-6). Any of those violations, taken individually, might have warranted a sanction more severe than a reprimand. Together, Respondent's violations unquestionably justify a sanction of the type recommended by Magistrate Judge Kuo. Respondent has failed to cite any authority demonstrating that the recommended sanction is outside of the range of appropriate penalties.

Third, Respondent is incorrect in asserting that her violation of Rule 1.1(a) was not at issue in this matter. (Br. at 4). As set out in our prior submissions and appropriately addressed in Magistrate Judge Kuo's Report and Recommendation, this was a noticed subject of Ms. Demetriades's disciplinary proceedings. While Respondent makes much of the purported shifting of the burden of proof on this

5

issue, this was also a specific topic of Respondent's testimony at the liability hearing. The Court is unquestionably entitled to take it into account in fashioning an appropriate sanction. Respondent also seems to suggest that the Report and Recommendation is in error because it fails to cite authority for the proposition that a violation of Rule 1.1(a) can warrant a suspension. (Br. 5). Among other issues, this argument again ignores that Magistrate Judge Kuo's recommendation is based on multiple violations of the Rules.

      Finally, Respondent appears to argue that since she is no longer engaged in ADA practice, this weighs against the recommended sanction. (Br. 5-6). That Ms. Demetriades has withdrawn from certain of her active cases does not demonstrate the current nature of her practice as a whole. Moreover, Respondent cannot negate the necessity of an appropriate sanction through voluntary adjustments in the nature of her practice. Nothing about the current nature of her practice changes the fact that she has been found to have engaged in serious misconduct in this court.

      For all of these reasons, Counsel for the Committee respectfully submits that there is no basis for the Respondent's Objections. Ms. Demetriades engaged in serious misconduct and Magistrate Judge Kuo has recommended a sanction that is squarely within the range of appropriate penalties. We are happy to answer any additional questions or concerns the Court may have.

                                        Respectfully submitted,

                                        Randall W. Jackson

cc:    All Counsel