UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In The Matter Of,

**TARA A. DEMETRIADES**, an                                **ORDER**
attorney admitted to practice before this                  17-MC-300
Court,
            Respondent.

----------------------------------------------------------------x

        On August 8, 2017, this Court's Committee on Grievances issued an order to show cause and annexed a Statement of Charges against respondent Tara A. Demetriades, an attorney admitted to practice before this Court, arising out of the respondent's conduct in connection with her disability law practice in this Court. (ECF No. 5.) The Statement of Charges alleged violations of Rules 1.1, 1.3, 3.2, 3.3, 3.4, 5.3, 5.5, and 8.4 of the New York Rules of Professional Conduct. (*Id*. at Ex. 1.) On May 30, 2018, following a three-day evidentiary hearing and briefing by the parties, Magistrate Judge Peggy Kuo issued a comprehensive Report and Recommendation ("Liability R&R") in which she concluded that the respondent violated Rule 1.1.(a) (Competence), Rules 1.3(a) and (b) (Diligence), Rule 3.2 (Delay of Litigation), Rules 3.3(a), 3.3(f)(2), and 3.3(f)(3) (Duty of Candor and Conduct before a Tribunal), and Rule 3.4(c) (Fairness to Opposing Party and Counsel). (ECF No. 39.) On December 27, 2018, the Committee adopted Judge Kuo's Report and Recommendation in its entirety and referred the matter to her for additional proceedings on the question of sanctions. (ECF No. 43.)

        On April 6, 2020, after briefing from the parties, Judge Kuo issued a Report and Recommendation ("Sanctions R&R") recommending that the respondent be suspended from practicing law in this Court for three to six months and be required to obtain professional counseling for stress management. (ECF No. 52.) The respondent objected to Judge Kuo's

recommendation on sanctions; she argued that she should be publicly reprimanded rather than suspended from the practice of law, but that if she is to be suspended, the suspension should not exceed three months.  (ECF No. 53 at 1-2.)  She also reiterated her due process objections to the Committee's liability ruling.  (*Id.* at 1.)  The respondent did not object to Judge Kuo's recommendation that she receive professional counseling for stress management.  (*Id.* at 7.)

## STANDARD OF REVIEW

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3).  The court reviews for clear error the remaining portions of a report and recommendation to which there are no specific reasoned objections.  *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## DISCUSSION

The Committee has reviewed the Sanctions R&R and the parties' filings.  Based on this review, the Committee agrees with Judge Kuo that the respondent's multiple violations of the New York Rules of Professional Practice merit suspension from the practice of law as well as mandatory stress management counseling.  Accordingly, the Committee adopts Judge Kuo's recommendation in its entirety and suspends the respondent from practicing law in this district for six months.

## I. Due Process Claims

The respondent renews her general due process claims about the entire proceeding. She offers no additional legal authority or factual argument, and simply attaches a copy of her objections to the Liability R&R, in which she argued "that she did not receive notice of the charges before the hearing, as required by due process," or about the specific charges against her regarding the alleged violations of Rules 1.1(a) and 3.3(a). (ECF No. 53 at 2, 4, Ex. A.)

The Committee finds no basis to change its determination that "the Statement of Charges together with the appendix, the documents produced in discovery, and Committee counsel's pre-hearing memorandum gave the respondent fair notice of the charges against her," including the charges that she violated Rule 1.1(a) (Competence) and Rule 3.3(a) (Duty of Candor and Conduct before a Tribunal). (ECF No. 43 at 8.) The respondent had ample opportunity to address the charges against her; she filed an answer, a pre-hearing memorandum, a post-hearing memorandum, objections to both of Judge Kuo's Reports and Recommendations, and participated in a three-day evidentiary hearing.

## II. Suspension is an Appropriate Sanction

Absent binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court "will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests," when interpreting the New York Rules of Professional Conduct. Local Civil Rule 1.5(b)(5). In New York, "the primary concern of a disciplinary proceeding is the protection of the public in its reliance on the integrity and responsibility of the legal profession." *Matter of Rowe*, 80 N.Y.2d 336, 341 (1992). In making their arguments about the appropriate form of discipline, "the parties may cite any relevant factor, including but not limited to the nature of the misconduct,

3

aggravating and mitigating circumstances, the parties' contentions regarding the appropriate sanction under the American Bar Association's Standards for Imposing Lawyer Sanctions, and applicable case law and precedent." N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.8.

As Judge Kuo noted, "[d]etermining whether sanctions should be imposed, and if so, which sanctions are appropriate, is an inherently fact intensive exercise, and no single fact is dispositive." (ECF No. 52 at 2 (citing *Matter of Schorr*, 166 A.D.3d 115, 118 (1st Dep't 2018); *Matter of Rios and Levy*, 109 A.D.3d 64, 70 (1st Dep't 2013))). In recommending that the respondent be suspended from the practice of law in this Court for three to six months, Judge Kuo carefully weighed the factors outlined in the American Bar Association's Standards for Imposing Lawyer Sanctions—including the standards the respondent violated, the actual or potential injury caused by her misconduct, her mental state, and the existence of aggravating or mitigating factors—as well as applicable state and federal case law. (*See* ECF No. 52 at 5-12); *see also* Am. Bar Ass'n, *Standards for Imposing Lawyer Sanctions* (1992) ("ABA Standards").[1]

The Committee is unpersuaded by the argument that a public reprimand, not suspension, is the appropriate sanction.[2] The respondent's violation of Rule 3.3(a)—the duty of candor—subjects her to suspension, even in the absence of other violations. "[T]he duty of candor is so basic, and so important to proceedings before the Court and Committee, that the possibility of suspension should be considered in every case involving violation of that duty." *In re Gordon*, 780 F.3d 156, 161 (2d Cir. 2015). "[I]n cases where the misconduct alleged involves the

---

[1] The ABA Standards may be found electronically at https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/sanction_standards.pdf (last visited July 7, 2020).

[2] The respondent cites *Matter of Gluck*, 114 F. Supp. 3d 57 (E.D.N.Y. 2015) to buttress her claim that public reprimand is the appropriate sanction. But while Gluck committed misconduct during summation that required a new trial, *see Levitant v. City of New York Human Res. Admin.*, 914 F. Supp. 2d 281, 311 (E.D.N.Y. 2012), *aff'd*, 558 F. App'x 26 (2d Cir. 2014), he did not violate his duty of candor. The respondent, in contrast, knowingly and intentionally misrepresented to the Court the employment status of co-counsel, thus violating her duty of candor and Rule 3.3(a). (ECF No. 43 at 7.)

misrepresentation of facts to a court, tribunal, or government agency, suspension is warranted even in the face of substantial mitigating circumstances." *Rios*, 109 A.D.3d at 71 (imposing a nine-month suspension for influencing a client to misrepresent the location of her slip-and-fall accident); *see also In re Brenner*, 44 A.D.3d 160, 163 (1st Dep't 2007) (six-month suspension for misrepresenting discipline history on an affidavit to appear *pro hac vice*); *In re Pu*, 37 A.D.3d 56, 63 (1st Dep't 2006) (six-month suspension by the Southern District of New York and one-year reciprocal suspension by the Appellate Division for knowingly misleading a federal magistrate judge about the existence of certain documents requested during discovery). The respondent's knowing and intentional misrepresentation to the Court that a contract attorney assisting the respondent with her New York caseload was an "associate" of her law firm (*see* ECF No. 39 at 22) merits suspension.

  Of course, the respondent's violation of Rule 3.3(a) was not her only violation. As the Committee found, the respondent committed the following violations: Rule 1.1(a)—lacking knowledge of disability law in the jurisdiction in which she practices and by failing to comply with court orders and rulings; Rule 1.3(b)—neglecting a legal matter entrusted to her; Rule 3.2—improperly delaying a proceeding; Rule 3.3(f)(2)—engaging in discourteous conduct; Rule 3.3(f)(3)—intentionally and habitually violating rules of procedure; and Rule 3.4(c)—intentionally and/or habitually disregarding court orders and rulings. (ECF No. 43 at 8.) The fact that the respondent's conduct was "knowing and intentional, rather than negligent," as Judge Kuo found, weighs in favor of suspension. (ECF No. 52 at 6.) Finally, Judge Kuo determined that the respondent's high-volume practice, the vulnerability of her clients, and her fifteen years of professional experience were aggravating factors that weighed in favor of a harsher sanction. (ECF No. 52 at 9-10.)

The Committee agrees.  Balancing the ABA factors, the specific facts of this case, and the goal of protecting the public interest, a six-month suspension is an appropriate sanction.

The ABA recommends that a suspension "should be for a period of time equal to or greater than six months."  ABA Standards § 2.3.  Although courts in this Circuit have suspended attorneys for shorter periods, *see, e.g.*, *Gordon*, 780 F.3d at 161 (two-month suspension); *In re Salomon*, 402 F. App'x 546, 549 (2d Cir. 2010) (three-month suspension); *In re Marshall*, 153 A.D.3d 1, 5 (1st Dep't 2017) (three-month suspension), the number and severity of the respondent's violations, as well as the aggravating factors discussed above, merit a six-month suspension.  The Committee also considers the efforts that the respondent has made since these proceedings were initiated, including resolving some of her case management issues, reducing the number of cases she files in this Court, and transitioning her practice away from ADA litigation.  Therefore, the Committee finds that a suspension of more than six months is not warranted.

## CONCLUSION

Judge Kuo's thoughtful and thorough Report and Recommendation contains no clear error, and the Committee adopts it in its entirety. The respondent is hereby suspended from the practice of law in this Court for six months commencing on July 8, 2020, and is directed to obtain professional counseling for stress management for a period of at least three months.

**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                                  _____
                                                  Hon. Ann M. Donnelly, U.S.D.J.
                                                  Chair of the Committee on Grievances
                                                  For the United States District Court
                                                  Eastern District of New York

Dated: Brooklyn, New York
       July 7, 2020